# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
### Baltimore Division

| | |
|---|---|
| **PARVIZ N. NAFFIS**<br>11613 HUNTERS RUN DRIVE<br>COCKEYSVILLE, MD 21030<br><br>      Plaintiff,<br>vs.<br>**U.S. DEPARTMENT OF EDUCATION**<br>400 Maryland Avenue, SW<br>Washington, D.C. 20202<br><br>Serve:<br>United States Department of Education<br>Attention: Carlos Muñiz., General Counsel<br>400 Maryland Avenue, SW<br>Washington, DC 20202<br><br>**WITH COPY TO**<br>United States Attorney's Office<br>Attention: Robert K. Hur, Attorney General<br>36 S. Charles Street, 4th Floor<br>Baltimore, Maryland 21201<br><br>**WITH COPY TO**<br>Attorney General of the United States<br>Attention: Jefferson B.Sessions III<br>950 Pennsylvania Avenue, NW<br>Room B-103<br>Washington, DC 20530<br><br>      Defendant, | CIVIL ACTION NO.<br>1:18-cv-02238-GJH |

## AMENDED COMPLAINT FOR INJUNCTIVE & DECLARATORY RELIEF

1

NOW COMES, Parviz N. Naffis, (hereinafter referred as "Plaintiff"), by and through undersigned counsel and moves this court for injunctive relief against the U.S. Department of Education (the "Defendant") for violations of the Freedom of Information Act ("FOIA") and for reasons state:

## I. Preliminary Statement

1. This is an action under the Freedom of Information Act, 5 U.S.C. § 552, for injunctive and other appropriate relief and seeking the disclosure and release of agency records improperly withheld from plaintiff by defendant U.S. Department of Education ("USD").

2. This lawsuit challenges the failure of the USD to disclose documents in response to Plaintiff's March 15, 2016 and March 21, 2018 Freedom of Information Act request ("FOIA Requests"). Plaintiff's FOIA request sought agency records relating to the Department's manual of procedures and compliance reports for debt collection agency Xerox Educations Solutions, LLC and Plaintiff's education records within its custody and/or control. Defendant failed to comply with its statutory deadlines and has failed to disclose a single record. Plaintiff's asks the Court to order immediate disclosure of all responsive records and grant Plaintiff's his reasonable cost and attorneys for having to produce

3. Plaintiff seeks expedited treatment of this Complaint pursuant to 28 U.S.C. § 1657.

## II. Jurisdiction and Venue

4. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the parties pursuant to 5 U.S.C. § 552(a)(4)(B). This court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

5. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §1391(e).

## III. Statutory and Regulatory Framework

6. The FOIA requires agencies of the federal government, upon request, to release information to the public, unless the agency demonstrates that one of nine specific statutory exemptions applies. 5 U.S.C. § 552(a), (b); 7 C.F.R. § 1.4.

7. Upon receiving a FOIA request, an agency has twenty working days to respond to the request. 5 U.S.C. § 552(a)(6)(A)(i); 7 C.F.R. § 1.7.

8. A requestor is deemed to have exhausted its administrative remedies, and may seek immediate judicial review of the matter, if the agency fails to comply with the twenty-day time limit. 5 U.S.C. § 552(a)(6)(C); 7 C.F.R. § 1.17. 13. An agency shall not assess any search or duplication fees when the agency fails to comply with this time limit. 5 U.S.C. § 552(a)(4)(A)(viii)(I).

9. To enforce these FOIA provisions, Congress provided for de novo judicial review. 5 U.S.C. § 552(a)(4)(B).

10. In such a case, "the burden is on the agency to sustain its action." Id.

11. Furthermore, the court may order the United States to pay reasonable attorneys' fees and costs incurred if the complainant substantially prevails. Id. § 552(a)(4)(E).

12. The FOIA requires expedited processing of requests for records "in cases in which the person requesting the records demonstrates a compelling need," 5 U.S.C. § 552(a)(6)(E)(i)(I), and "in other cases determined by the agency," id. § 552(a)(6)(E)(i)(II).

13. "An agency shall process as soon as practicable any request for records to which the agency has granted expedited processing . . . . [F]ailure by an agency to respond in a timely manner to such a request shall be subject to judicial review . . . ." Id. § 552(a)(6)(E)(iii).

14. In 2016, the FOIA Improvement Act of 2016 was signed into law. 5 U.S.C. § 552, As Amended By Public Law No. 114-185, 130 Stat. 538. Among other things the Act amended the FOIA to provide that each agency, in accordance with published rules, shall make available for public inspection in an electronic format "copies of all records, regardless of form or format . . . that have been requested 3 or more times." FOIA Improvement Act of 2016, S. 337, 114th Cong. § 2 (2016). The Defendant has not yet brought themselves into full compliance with this mandate.

## IV.     Factual Allegations

15. Plaintiff is a United States Citizen that resides in Baltimore, Maryland.

16. Defendant USD is a Department of the Executive Branch of the U.S. Government and an agency within the meaning of 5 U.S.C. §552(f)(1). The Department is headquartered in Washington, D.C.

17. On March 15, 2016, Plaintiff, through undersigned counsel, submitted a FOIA Request to Defendant. In that request, Plaintiff requested certain educational records:

    a) All educational records pertaining to Parvis Naffis;
    b) Copies of any signed Master Servicing Agreements with any thirdparties, hired by you, to service a student loan relating to Parvis; Naffis;
    c) Copies of all documents respecting Parvis Naffis relating to refinancing or consolidation of student loans;
    d) Copies of all recordings from you and/or your servicer, respecting its interactions with Parvis Naffis from January 1, 2014 through the present date;
    e) Copies of a payment history from the inception of the loans until the present date;
    f) Copies of your PCA Procedures Manual for 2014, 2015 and 2016;
    g) Copies of all correspondence mailed to Parvis Naffis on your behalf or by a servicer from January 1, 2015 through the present date;

18. Defendant received the correspondence, by email, on March 15, 2016 at 8:42 a.m.

19. On March 15, 2016, Defendant responded in part, requesting a Certification of Identity and Consent form be signed by the Plaintiff, however,

failed to respond to sections f and g of the FOIA request and as of this writing, have failed to respond.

20. On March 21, 2018, Plaintiff, by counsel, emailed a subsequent FOIA Request. In that request, Plaintiff requested the following documents:

> a) Copies of any signed Master Servicing Agreements with ACS Education Services, Xerox Education Solutions, ACS Education Solutions LLC and Xerox Education Services, LLC, respectfully, in effect on December 9, 2014 through December 31, 2016.
> b) Copies of your PCA Procedures Manual for 2014, 2015 and 2016[1];
> c) Copies of all complaints[2] received regarding ACS Education Services, Xerox Education Solutions, ACS Education Solutions LLC and Xerox Education Services, LLC, respectfully, in effect on December 9, 2014 through December 31, 2016.
> d) Provide copies of Loan Servicer's Guidelines regarding handling of student loans by ACS Education Services, Xerox Education Solutions, ACS Education Solutions LLC and Xerox Education Services, LLC, respectfully, in effect on December 9, 2014 through December 31, 2016.
> e) Provide USDE data retention requirements for Loan Servicers, regarding collection records, telephone call recordings and correspondences.

---

[1] In order to carry out its statutory and regulatory responsibilities to collect on defaulted student loans, FSA contracts with Private Collection Agencies (PCAs), operating under a performance-based contract that facilitates competition among PCAs and rewards those PCAs that can meet FSA priorities and goals (i.e., demonstration of respect for borrowers and achieving increased collection rates even as the default portfolio increases). FSA's PCAs are only compensated on collections received. These procedures and other PCA requirements are detailed in the PCA Procedures Manual.

[2] The Department's Office for Federal Student Aid ("FSA") Default Division is responsible for FSA's student loan default portfolio which totals more than $52 billion in loans made to more than four million borrowers. The Default Division manages the Department's program to collect on defaulted student loans, and is responsible for review and oversight of FSA debt collection policies and procedures to ensure their compliance with applicable laws and regulations. The Default Division also conducts required reviews to ensure that testing is completed on all new functions being added to the Debt Management and Collections System (DMCS). The DCMS allows FSA staff to manage more than four million borrower accounts through the default collection processes and to report out the status of a borrower based on federal regulations.

21. On March 26, 2018, Defendant acknowledged receipt of the request, but did not provide the requested documents, nor, did they provide an estimate on when said documents would be produced.

22. On May 11, 2018, Plaintiff, through undersigned counsel, sent an email to the Defendant, requesting an status update on the FOIA Request. On May 17, 2018, Defendant responded that they were "working through a plethora of FOIA requests" and that they would not have a "specific completion time available".

23. On May 17, 2018, Plaintiff, through counsel, submitted in an appeal via email, requesting expedited processing and a response to the FOIA requests within twenty (20) days.

24. As of this writing, Plaintiff has not received the requested documents, nor the Defendant's response on which documents were allegedly exempt from disclosure.

25. The documents are being withheld for an improper purpose. Specifically, Plaintiff is engaged in litigation with Xerox, a federal contractor, regarding their deceitful conduct involving the servicing of Plaintiff's student loans accounts with the Defendant. Specifically, Plaintiff filed for Chapter 7 bankruptcy in the U.S. Bankruptcy Court for the District of Maryland, seeking to discharge his debts, including, but not limited to, his student loan debt with Defendant. Plaintiff

subsequently filed an adversary proceeding pursuant to 28 U.S.C. § 157(b)(2) (the "Adversary") under 11 U.S.C. § 523(a)(8)[3], to determine the dischargeabitly of over $300,000 in student loan debt owed to the Defendant.

26. While the Adversary proceeding was pending, Xerox, communicated with Plaintiff, albeit him being represented by undersigned counsel and informed him that his bankruptcy case had been dismissed and advising him to refinance his student loans with another lender to prevent further collection efforts.

27. Plaintiff subsequently sued Xerox and Defendant, in the adversary matter. The Complaint was dismissed against the Defendant, because, according to the Court, Plaintiff's claims against the Defendant were moot, because Plaintiff refinanced the student loans with another lender. Notwithstanding the foregoing, Defendant has a vested interest in the outcome of the adversary proceeding, because they are the guarantor of the student loan debt of over $300,000.

28. Trial in the adversary proceeding is scheduled for October 2018 and upon information and belief, Defendant's refusal to respond to Plaintiff's lawful

---

[3] Section 523(a)(8) of the Bankruptcy Code states that an "educational loan that is a qualified educational loan" is defined by reference to "section 221(d)(1) of the Internal Revenue Code of 1986." 11 U.S.C. § 523(a)(8). Section 221(d) of the Internal Revenue Code of 1986 states that a " 'qualified education loan' means any indebtedness incurred by the taxpayer solely to pay qualified higher education expenses--(a) which are incurred on behalf of the taxpayer, the taxpayer's spouse, or any dependent of the taxpayer as of the time the indebtedness was incurred, (B) which are paid or incurred within a reasonable period of time before or after the indebtedness is incurred, and (C) which are attributable to education furnished during a period during which the recipient was an eligible student." 26 U.S.C. § 221(d)(1). The term "qualified higher education expenses" is defined in 11 U.S.C. § 221(d)(2).

FOIA Requests is for an improper purposes; mainly to prevent Plaintiff from meeting his burden in the adversary proceeding.

29. To date, Plaintiff has exhausted all administrative remedies. His appeals have gone unanswered. In fact, Defendant did not make any substantive determinations about Plaintiff's FOIA requests or appeals, nor did it respond with any documents.

30. Through the date of this writing, Defendant has failed to produce any documents in response to Plaintiff's FOIA requests.

31. The Defendant's failure to make a substantive determination regarding Plaintiff's FOIA request within twenty-day time period prescribed by 5 U.S.C. §552(a)(6)(A)(ii) constitutes a constructive denial of Plaintiff's Administrative Appeal.

32. The constructive denial of Plaintiff's appeal exhausts Plaintiff's administrative remedies.

### V. Causes of Action

**COUNT-I**
**VIOLATION OF FOIA- FAILURE TO COMPLY**
**WITH STATUTORY DEADLINES**

33. Paragraphs 1-32 above are hereby incorporated by reference as if set forth fully herein.

34. As described above, Defendant's failure to respond to Plaintiff's FOIA request and Administrative Appeal violated the statutory deadlines imposed by FOIA set forth in 5 U.S.C. §552(a)(6(A)(i)-(ii).

35. Plaintiff has exhausted the applicable administrative remedies with respect to Plaintiff's FOIA Requests.

36. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records. Plaintiff is also entitled to his reasonable attorney's fees and cost, pursuant to 5 U.S.C. Sec. 552(a)(4)(E).

**COUNT-II**
**VIOLATION OF FOIA: UNLAWFUL**
**WITHOLDING OF AGENCY RECORDS**

37. Paragraphs 1-36 above are hereby incorporated by reference as if set forth fully herein.

38. As described above, Defendant's failure to comply with statutory deadlines and failed to produce responsive records to Plaintiff.

39. As a result of the Department's unlawful delay, the Plaintiff has withheld responsive agency records from Plaintiff in violation of FOIA 5 U.S.C. §552(a)(3)(A).

40. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records. Plaintiff is also entitled to his reasonable attorney's fees and cost, pursuant to 5 U.S.C. Sec. 552(a)(4)(E).

## COUNT-III
## VIOLATION OF FOIA: ENGAGING IN A PATTERN OF PRACTICE OF UNTIMELY RESPONSES TO FOIA REQUESTS AND APPEALS

41. Paragraphs 1-40 above are hereby incorporated by reference as if set forth fully herein.

42. Defendant has a pattern and practice of not processing FOIA requests and appeals within the statutory time limits and failing to meet the notice requirements of the FOIA to advise requesters of its decision pursuant to 5 U.S.C. § 552(a)(6).

43. Defendant has a pattern and practice of not setting forth the "unusual circumstances" and specifying "the date on which a determination is expected to be dispatched," where it invokes an extension of time to process FOIA requests, as required by 5 U.S.C. § 552(a)(6)(B).

44. Plaintiff has been injured by Defendant's pattern and practice of failing to comply with the FOIA's statutory deadlines and notice requirements.

45. Defendant's pattern and practice are deliberate, arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the FOIA.

46. By failing to timely respond to FOIA requests and process responsive records, Defendant has effectively withheld those documents under the FOIA and constructively denied those requests.

47. Plaintiff is entitled to injunctive relief compelling the release and disclosure of the requested agency records. Plaintiff is also entitled to his reasonable attorney's fees and cost, pursuant to 5 U.S.C. Sec. 552(a)(4)(E).

## VI. Requested Relief

WHEREFORE, Plaintiff prays that this Court:

a) Expedite this case in accordance with 28 U.S.C. § 1657(a) so as to resolve this case in time for Plaintiff to incorporate the requested information in its current research activities;

b) Declare that the Defendant's continued delay in processing Plaintiff's FOIA requests, given the absence of any unusual circumstances, is unlawful under the FOIA;

c) Declare that the Defendant's continued delay in processing Plaintiff's FOIA appeals is unlawful under the FOIA;

d) Declare that Defendant has engaged in a pattern or practice of unlawful delay in processing FOIA requests;

e) Declare that Defendant has engaged in a pattern or practice of unlawful delay in processing FOIA appeals;

f) Declare that the Defendant's failure to respond in any substantive manner to a number of the requests referenced in this complaint is unlawful under the FOIA;

g) Order the Defendant to conduct a thorough search for all responsive records without further delay;

h) Order the Defendant to provide Plaintiff with the requested records without further delay;

i) Order the Defendant to produce a Vaughn index inventorying all responsive records and itemizing and justifying all withholdings;

j) Order Defendant to comply with the FOIA's deadlines for making determinations;

k) Order Defendant to comply with the FOIA's requirements for providing notice of the unusual circumstances warranting additional processing time and specifying an expected determination date;

l) Order Defendant to comply with the FOIA's deadlines for resolving appeals;

m) Issue a finding with regard to the requests at issue here that, pursuant to 5 U.S.C. § 552(a)(4)(F), "the circumstances surrounding the withholding[s] raise questions whether agency personnel acted arbitrarily or capriciously with respect to the withholding[s];"

n) Order the U.S. Office of Special Counsel to "promptly initiate a proceeding to determine whether disciplinary action is warranted against" those employees of Defendant "primarily responsible" for the unlawful

withholdings, 5 U.S.C. § 552(a)(4)(F), and to submit findings and recommendations to the Defendant;

o) Order the Defendant to undertake such "corrective action" as recommended by the Special Counsel,;

p) Award Plaintiff its costs and reasonable attorneys' fees assumed in bringing forth this action; and

q) Grant such other and further relief as the Court deems just and proper.

Respectfully Submitted,

THE LAW OFFICES OF KIM PARKER, P.A.

/s/ Kim Parker
_____
Kim Parker, Esquire (Fed Bar.: 23894)
2123 Maryland Avenue
Baltimore, Maryland 21218
410-234-2621
F: 410-234-2612
E: kp@kimparkerlaw.com

*Counsel for Plaintiff*